IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02764-MSK-MEH

NAGHAM DARWISH,

    Plaintiff,

v.

FAMILY DOLLAR STORES, INC.,
CHRIS NIELSEN, Family Dollar Regional Vice President of Loss Prevention, and
DON PACK, Former Family Dollar Regional Vice President,

    Defendants.

## ORDER ON MOTION TO QUASH

Before the Court is a Joint Motion to Quash Defendant Don Pack's Subpoena *Duces Tecum* of Third-Party Witness [docket #38]. The matter is briefed and has been referred to this Court for disposition [docket #39]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion.

Cleat Crocker was a management official of the Family Dollar Store at which Plaintiff was employed. Mr. Crocker had previously been employed at Sears, Roebuck & Company ("Sears") from 2000 to March 2007, at which time he was allegedly terminated. He was only employed at Family Dollar for a short time prior to the incidents which gave rise to this case (alleged sexual harassment and ethnicity discrimination). According to Plaintiff, Mr. Crocker will testify that he witnessed other officials in his own store sexually harass Plaintiff. Neither party states that Mr. Crocker was one of the alleged harassers/discriminators. Plaintiff represents that Mr. Crocker was terminated from Family Dollar, as was Plaintiff. Defendant Pack, a former Family Dollar Regional Vice President, seeks Mr. Crocker's personnel file from his former employer, Sears. Pack justifies this request on the following grounds:

1. Plaintiff has placed at issue Crocker's "knowledge, experience, training, and work history as a manager in dealing with sexual harassment issues through his participation with Plaintiff in allegedly making anonymous reports of sexual harassment." Response at 1.

2. The subpoena was directed at Sears and not Crocker, therefore, production of the files will not put undue burden on Crocker nor create a chilling effect on witness participation in cases of this nature. Response at 2.

3. The personnel file may have information concerning Crocker's training as a manger in dealing with sexual harassment issues, or information concerning whether he was disciplined for inability to do so at his previous employer. *Id.*

4. Credibility. *Id.*

5. Crocker "was fired from his management position with Sears, and the circumstances of his termination nay very well reveal admissible evidence that bears on his credibility and experience here." *Id.*

6. Crocker is not just any witness, but perhaps the most critical witness for Plaintiff in this lawsuit. *Id. passim.*

7. Sears did not file any objection to production of the documents. *Id.* at 4.

Plaintiff and nonparty witness Crocker oppose production of the Sears personnel file on relevance grounds, stating that anything contained in the file "cannot possibly lead to the discovery of admissible evidence." Motion at 2. Defendant cites cases from Kansas and elsewhere permitting discovery of a witness' personnel file in certain circumstances. Plaintiff and Crocker cite no specific authority concerning this precise issue.

Rule 45 of the Federal Rules of Civil Procedure governs discovery from non-parties by subpoena. Under Rule 45(c)(3), this Court (which issued the subpoena) may quash it upon a showing that: (i) it fails to allow a reasonable time for the subpoenaed person to comply; (ii) it requires the subpoenaed person to travel more than 100 miles; (iii) it requires disclosure of privileged or other protected matter; or (iv) it subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).

As a preliminary matter, the Court notes that both the witness, Mr. Crocker, and the Plaintiff joined in filing the within motion; the subpoenaed party, Sears, does not appear in this matter. The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege or upon a showing that there is a privacy interest applicable. *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997)*; see also Broadcort Capital Corp. v. Flagler Securities, Inc.,* 149 F.R.D. 626 (D. Colo. 1993). Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena. *Windsor*, 175 F.R.D. at 668. Here, neither party disputes that Mr. Crocker and the Plaintiff have standing to quash the third-party subpoena. And, considering that the subpoenaed records contain confidential information belonging to Mr. Crocker, the Court finds he has made the requisite showing to demonstrate he has standing to move to quash Defendant Pack's subpoena.

The Court has reviewed cases from state and federal jurisdictions on this issue. The vast majority of the available authority deals with personnel files of a witness who was employed by some employer that is intimately involved in the subject lawsuit (*e.g.*, the defendant employer in an employment case, the government in a criminal prosecution). Almost none of the cases involves a nonparty witness whose records are from an employer having no involvement in the matter at issue. After review of all relevant authority, I believe that discovery of this type of information should be disallowed if supported simply by speculation. I do not agree with Plaintiff and Crocker that information from a witness's personnel file, even from a prior, unrelated employer, could not possibly lead to discoverable information. What if, for example, the witness in a situation such as this was terminated from his prior position for concocting false accusations against his employer? I cannot possibly know the information that the personnel file may hold, but that is true for all sorts of personal information in a witness's background (*e.g.*, education records, criminal records,

applications for government programs, tax records, etc.). However, seeking such records about a nonparty witness *without some basis in fact* is the classic fishing expedition, which courts almost uniformly prohibit. In this case, Defendant Pack has not provided a shred of a factual basis, and not even informed speculation, on why Crocker's personnel file might contain information leading to admissible evidence, other than the mere fact he was terminated. For that reason, the motion must be granted.

However, this conclusion is without prejudice to Defendant Pack raising this issue at a later date in the event he can establish a reasonable foundation for production of the personnel file (or, at least, pertinent parts thereof). I suggest that Crocker's deposition be taken in order to test some of Pack's unarticulated speculation about what is in the file. If I agree and permit some portion of his personnel file to be produced, a limited reopening of the deposition (at Defendant Pack's expense, of course) would probably be in order.

Accordingly, for the reasons stated above, the Court ORDERS that the Joint Motion to Quash Defendant Don Pack's Subpoena *Duces Tecum* of Third-Party Witness [filed April 28, 2010; docket #38] is **granted** as discussed herein.

Dated at Denver, Colorado this 20th day of May, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge